RECORDING OF INSTRUMENT AFFECTING REAL PROPERTY A reference in an instrument affecting specific real property whether of conveyance, encumbrance, assignment, or release of encumbrance, lease, assignment of lease or release of lease, to book and page of a previously recorded instrument is not sufficient description of property under the terms of 19 O.S. 298 [19-298] (1969), to authorize the County Clerk to file or record the same in his office. The Attorney General has had under consideration your letter of August 28, 1970, wherein you, in effect, ask whether the County Clerk may accept for recording an instrument which purports to assign or release an interest in real estate. You state that said instrument: ". . . does not show a particular lot, block number, section, township or range, but instead refers to a previously recorded instrument and the book and page number of recording of the previous instrument, including every material description of the instrument such as date, day of filing, mortgagor, mortgagee and excepting only the legal description." In particular, you have asked for an interpretation of 19 O.S. 298 [19-298] (1969), which provides that: "It is hereby made the duty of the County Clerk as ex officio Register of Deeds, in each county of this State, to require that the mandates of the Legislature be complied with, as expressed in Sections or paragraphs 287 and 291 of Title 19, Oklahoma Statutes 1961; and for that purpose, every instrument offered which may be accepted by him for recording, affecting specific real property whether of conveyance, encumbrance, assignment, or release of encumbrance, lease, assignment of lease or release of lease, shall by its own terms describe said property adequate for indexing numerically as is by said Sections 19 O.S. 287 [19-287] and 19 O.S. 291 [19-291] required. Unless the person offering such instrument is willing to reform such instrument to conform to said statutory requirements (for which purpose it may be withdrawn and refiled), the county clerk shall have no authority to record the same in his records of deeds, leases or mortgages nor to index the same upon the index records referred to in said Sections 287 or 291, or to file or record the same in his office." (Emphasis added) Title 19 O.S. 298 [19-298] (1951), provided that: "It is hereby made the duty of the County Clerk as ex-officio Register of Deeds, in each county of this State, to require that the mandates of the Legislature be complied with, as expressed in Sections or paragraphs 287 and 291 of Title 19, Oklahoma Statutes 1941; and for that purpose, every instrument offered which may be accepted by him for recording, affecting specific real property whether of conveyance, encumbrance or release of encumbrance, shall by its own terms describe said property adequate for indexing numerically as is by said Sections 287 and 291 required. Unless the person offering such instrument is willing to reform such instrument to conform to said statutory requirements (for which purpose it may be withdrawn and refiled), the county clerk shall have no authority to record the same in his records of deeds, leases or mortgages nor to index the same upon the index records referred to in said Sections 287 or 291, but he shall record the same in his 'miscellaneous' record only and index the same alphabetically only under the name of the grantor, if given, and the grantee, if given, the same as tax liens applicable to any property real or personal belonging to the grantor." On March 15, 1952, this office issued an opinion to Loyd W. Hadwiger on a question similar to the one herein asked wherein this office construed the provisions of Section 298 as it then existed. To that question, this office stated that: "If an instrument of conveyance, encumbrance, or release of encumbrance, which is presented to a county clerk for recording as an instrument affecting real property in the county, does not, by its own terms, describe specific real property in the county, it may (if properly executed and acknowledged) be recorded in the 'miscellaneous' records of instruments affecting real property and be indexed in the 'alphabetical' indexes to such 'miscellaneous' instruments (in the 'direct' index thereof in the name of the one executive such instrument, as 'grantor,' and in the 'indirect' index to such instruments in the name of the grantee named in an instrument of conveyance or encumbrance, or in the name of the encumbrancer in an instrument releasing an encumbrance, if given, in such instrument), as provided for in Section 1 of Chapter 9, Title 19, Oklahoma Session Laws 1951 (19 O.S. 298 [19-298] (1951)), but may not be indexed in the 'numerical' index to instruments affecting real property in the county." Since the Legislature has deleted the portion of Section 298 which authorized the filing of instruments in the County Clerk's "miscellaneous" record when those instruments did not adequately describe the property, our former opinion should be amended to reflect that change. It is therefore the opinion of the Attorney General that a reference in an instrument affecting specific real property whether of conveyance, encumbrance, assignment, or release of encumbrance, lease, assignment of lease or release of lease, to book and page of a previously recorded instrument is not sufficient description of property under the terms of 19 O.S. 298 [19-298] (1969), to authorize the County Clerk to file or record the same in his office. (WILLIAM M. BONNELL)